## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| JANICE CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No.: |
| | ) | |
| TOTAL ELECTRIC SERVICE | ) | |
| OF TAMPA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | / | |

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, JANICE CAMPBELL ("Plaintiff" or "Campbell"), and files her Complaint against Defendant, TOTAL ELECTRIC SERVICE OF TAMPA, INC., ("Defendant" or "TES"), and in support she states the following:

## NATURE OF THE CLAIMS

This is an action for monetary damages, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq*. ("ADA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01 *et seq*. ("FCRA"), to redress Defendant's unlawful employment practices against Plaintiff, including discrimination, sexual harassment, retaliation against Plaintiff because of her disability and sex and complaints of sexual harassment, intentional infliction of

emotional distress, and negligent retention/negligent supervision leading to Plaintiff's unlawful termination.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under ADA and Title VII.

2.     This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law and the Florida Civil Rights Act of 1992 pursuant to 28 U.S.C. §1367(a).

3.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

4.     Plaintiff, Campbell, is a citizen of the United States, and is and was at all times material, a resident of the State of Florida, residing in Hillsborough County, Florida.

5.     Defendant, TES, is a Florida For-Profit Corporation with its principal place of business in Tampa, Florida.

6.      Plaintiff worked for Defendant at 8929 Maislin Drive, Tampa, Florida 33637.

7.      Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8.      Plaintiff has complied with all statutory prerequisites to filing this action.

9.      On June 17, 2020 Plaintiff timely dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on sex, sexual harassment, disability, and retaliation.

10.      Plaintiff's EEOC Charge was filed within three hundred days after the alleged unlawful employment practices.

11.      On February 16, 2021 the EEOC issued to Plaintiff her Notice of Right to Sue. (Exhibit "A").

12.      This Complaint was filed within ninety days following Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## **FACTUAL ALLEGATIONS**

13.     Plaintiff began her employment with Defendant on or about November 15, 2019.  Prior to her unlawful termination, Plaintiff was working for Defendant as a full-time Office Manager.

14.     Plaintiff is a disabled female.

15.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.  Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

16.     At all times relevant to this action Plaintiff was able to perform the essential functions of her job with or without accommodations.

17.     Plaintiff suffered from epilepsy and a heart condition, which are physical conditions that substantially limited her major life activities of brain and cardiac functions.

18.     Defendant knew about Plaintiff's disability because Plaintiff informed Defendant about her epilepsy when she was hired and throughout her employment with the Defendant and about her heart condition when she developed it.

19.     Plaintiff informed Defendant of the side effects of her disability related medication and requested the reasonable accommodation of being permitted to arrive late on days when she was experiencing side effects.

20.     Plaintiff was subjected to disparate and discriminatory treatment due to her sex.

21.     Plaintiff was subjected to severe and pervasive sexual harassment during her employment.

22.     The conduct was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment, which created a hostile working environment.

23.     Specifically, Plaintiff was a victim of sexual harassment by her male superior, Brian Cook ("Cook").

24.     From the beginning of Plaintiff's employment, Cook began making explicit and sexually inappropriate comments to her.

25.     Specifically, Cook would say to Plaintiff comments like, "You're so sexy.  I want to fuck you."

26.     Plaintiff reported the comments to Defendant's President, John Madison ("Madison").

27.     Madison ratified Cook's conduct by stating that is just the way men are and that Cook did not mean anything by it.

28.     Madison failed to take remedial action against Cook due to his [Cook's] sex and Madison's discriminatory animus toward Plaintiff.

29.     Plaintiff was also informed by Summer Pagoria ("Pagoria") that Cook was sexually harassing her [Pagoria] by approaching her from behind and rubbing

against her.   Pagoria also reported the sexual harassment by Cook to Madison; however, Madison again failed to take remedial action.

30.     Several weeks later, Cook kissed Plaintiff without consent and against her will.

31.     Plaintiff again reported Cook's increasingly severe sexual harassment to Madison who informed Plaintiff he had spoken with Cook regarding his behavior; however, Madison continued to refuse to take proper remedial action because of Cook's sex.

32.     Despite Madison's assertions that he had spoken to Cook, Cook's sexually inappropriate conduct escalated.

33.     For instance, Cook began exposing his genitals to Plaintiff.

34.     On several occasions, Cook would expose his genitals to Plaintiff and masturbate in front of her while making inappropriate sexual comments.

35.     Cook also informed Plaintiff that he knew where the cameras were and that they [Cook and Plaintiff] were not visible on any camera when he was exposing himself to her.

36.     Cook's egregious and incessant conduct continued and during one of his unwelcomed encounters, he grabbed Plaintiff's hand and forced her to touch his exposed penis telling her to "feel this."

6

37.    Cook would also demand to see Plaintiff's breast; however, she never reciprocated, participated, or otherwise consented to Cook's pervasive sexual harassment.

38.    Then, in early 2020, Plaintiff was alone with Cook in his office when he suddenly and forcibly bent Plaintiff over his desk, lifted her skirt, and inserted his fingers into her vagina while stroking his penis with his other hand.

39.    Due to Plaintiff being a survivor of sexual abuse that had been ongoing since she was a young child, she reacted to Cook's outrageous actions by becoming frozen with fear.

40.    Cook then stated that he wanted "to put his penis inside of [her]."

41.    Upon hearing this and with the belief that Cook would proceed with doing so, she yelled "no," pushed away from the desk, and ran out of his office.

42.    Additionally, after Plaintiff refused Cook's violent sexual advances, he began retaliating against Plaintiff by taking away her duties and reassigning them to Pagoria.

43.    Shortly thereafter, Plaintiff was hospitalized due to a flare in her disability and informed Madison of her hospitalization.

44.    Plaintiff was cleared to return to work on or about March 30, 2020 and provided Madison with her documentation.

45.     Madison approved her return; however, upon Plaintiff's return she continued to experience disability related complications and requested the reasonable accommodation of two additional days off to recover from her new medication.

46.     Suddenly, on or about April 3, 2020, Defendant terminated Plaintiff while she was out on a medical absence due to her disability under the pretext of attendance issues.

47.     Defendant's unlawful termination of Plaintiff is clearly pretextual as Defendant had never asserted any issues regarding attendance or performance prior to terminating her.

48.     Defendant terminated Plaintiff in retaliation for her refusal to submit to Cook's sexual harassment.

49.     Defendant permitted Plaintiff to exercise her accommodation request and never raised any issues or took any progressive disciplinary actions regarding Plaintiff's medically related tardiness or absences until after Plaintiff's protected escalations.

50.     Defendant's pretextual reason of attendance is also discriminatory as her attendance was directly related to her medical disabilities.

51.     Defendant failed to engage in the interactive process by allegedly terminating Plaintiff for her disability related absences.  Providing Plaintiff with the absences would not have created an undue hardship on Defendant.

52.     Plaintiff has been damaged by Defendant's illegal conduct.

53.     Defendant's conduct was willful, wanton, and done with reckless disregard for Plaintiff.

54.     Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## COUNT I: DISABILITY BASED DISCRIMINATION IN VIOLATION OF THE ADA

55.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-54 above.

56.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.  Plaintiff has an actual disability, has record of being disabled, and/or is perceived as being disabled by Defendant.

57.     Plaintiff was able to perform the essential functions of her job at the time of her unlawful termination.

58.     Defendant is prohibited under the ADA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

59.     Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on her disability.

60.     Defendant intentionally discriminated against Plaintiff on the basis of her disability.

61.     Plaintiff has been damaged by Defendant's illegal conduct.

62.     Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

63.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

64.     Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## COUNT II: FAILURE TO ACCOMMODATE UNDER THE ADA

65.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-54 above.

66.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

67.    Plaintiff was able to perform the essential functions of her job at the time of her unlawful termination.

68.    Defendant is required to engage in the interactive process and reasonably accommodate Plaintiff.

69.    Defendant violated the ADA by failing to engage in the interactive process and reasonably accommodate Plaintiff.

70.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

71.    Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## COUNT III: HANDICAP BASED DISCRIMINATION IN VIOLATION OF THE FCRA

72.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-54 above.

73.    Plaintiff was a qualified individual with a handicap under the meaning of the FCRA.

11

74.     Defendant is prohibited under the FCRA from discriminating against Plaintiff because of her handicap with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

75.     Defendant violated the FCRA by unlawfully terminating and discriminating against Plaintiff based on her handicap.

76.     Defendant intentionally discriminated against Plaintiff on the basis of her handicap.

77.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

78.     Defendant's unlawful conduct in violation of the FCRA was outrageous, malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and or punitive damages.

## COUNT IV: FAILURE TO ACCOMMODATE IN VIOLATION OF THE FCRA

79.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-54 above.

80.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the FCRA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

81.     Plaintiff was able to perform the essential functions of her job at the time of her unlawful termination.

82.     Defendant is required to engage in the interactive process and reasonably accommodate Plaintiff.

83.     Defendant violated the FCRA by failing to engage in the interactive process and reasonably accommodate Plaintiff.

84.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

85.     Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## COUNT V: SEX BASED DISCRIMINATION
## IN VIOLATION OF TITLE VII

86.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-54 above.

87.    At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her sex, female.

88.    Defendant is prohibited under Title VII from discriminating against Plaintiff because of her sex with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

89.    Defendant violated Title VII by terminating and discriminating against Plaintiff based on her sex.

90.    Defendant intentionally discriminated against Plaintiff based on her sex.

91.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an aware of monetary damages and other relief.

## COUNT VI: SEXUAL HARASSMENT
## IN VIOLATION OF TITLE VII

92.   Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-54 above.

93.   Defendant, through its agent or supervisor, engaged in a pattern or practice of unlawful sexual harassment by subjecting Plaintiff to unwelcome sexual harassment, including but not limited to, requests for sexual favors, sexual advances, and physical sexual harassment.

94.   Despite Plaintiff's reporting of the harassment, Defendant took no action to remedy the situation or prevent future harassment.

95.   Defendant's conduct created an intimidating, oppressive, hostile, and offensive work environment which interfered with Plaintiff's emotional well-being and her ability to perform her work.

96.   Defendant's conduct violates Title VII.

97.   Defendant's violation of Title VII has caused the Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

98.   Defendant's actions have caused Plaintiff to suffer mental and emotion distress entitling her to compensatory damages.

99.   The outrageous conduct of Defendant, including Defendant's agent, Brian Cook, described above was malicious and oppressive, and done with a conscious disregard of Plaintiff's rights, and with the intent to injure Plaintiff.

15

Because Defendant's agent, Brian Cook, acted in his capacity as the managing agent of Defendant, and because Defendant ratified Brian Cook's unlawful conduct, Plaintiff is entitled to punitive damages from Defendant.

## COUNT VII: RETALIATION IN VIOLATION OF TITLE VII

100.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-54 above.

101.    Plaintiff engaged in protected activity under Title VII on more than one occasion while employed by Defendant.

102.    Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

103.    Defendant's conduct violated Title VII.

104.    Defendant's retaliatory conduct, in violation of Title VII, cause caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

105.    Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

106.    Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## <u>COUNT VIII: SEX BASED DISCRIMINATION<br>IN VIOLATION OF THE FCRA</u>

107.   Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-54 above.

108.   At all times relevant to this action, Plaintiff was in a protected category under the FCRA because of her sex, female.

109.   Defendant is prohibited under the FCRA from discriminating against Plaintiff because of her sex with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

110.   Defendant violated the FCRA by discharging and discriminating against Plaintiff based on her sex.

111.   Defendant intentionally discriminated against Plaintiff on the basis of her sex.

112.   As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an aware of monetary damages and other relief.

## COUNT IX: SEXUAL HARASSMENT IN VIOLATION OF THE FCRA

113.   Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-54 above.

114.   Defendant, through its agent or supervisor, engaged in a pattern or practice of unlawful sexual harassment by subjecting Plaintiff to unwelcome sexual harassment, including but not limited to, requests for sexual favors, sexual advances, and physical sexual harassment.

115.   Despite Plaintiff's reporting the harassment, Defendant took no action to remedy the situation or prevent future harassment.

116.   Defendant's conduct created an intimidating, oppressive, hostile, and offensive work environment which interfered with Plaintiff's emotional well-being and her ability to perform her work.

117.   Defendant's conduct violates the FCRA.

118.   Defendant's violation of the FCRA has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

119.   Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

120.   The outrageous conduct of Defendant, including Defendant's agent, Brian Cook, described above, was malicious and oppressive, and done with a conscious disregard of Plaintiff's rights, and with the intent to injure Plaintiff.

Because Defendant's agent, Brian Cook, acted in his capacity as the managing agent of Defendant, and because Defendant ratified Brian Cook's unlawful conduct, Plaintiff is entitled to punitive damages from Defendant.

## COUNT X: RETALIATION IN VIOLATION OF THE FCRA

121.   Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-54 above.

122.   Plaintiff engaged in protected activity under the FCRA while employed by Defendant when she raised concerns about Defendant's discriminatory behavior.

123.   Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

124.   Defendant's conduct violated the FCRA.

125.   Defendant's retaliatory conduct, in violation of the FCRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

126.   Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

127.   Defendant's unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## COUNT XI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

128.   Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-54 above.

129.   Defendant's conduct against Plaintiff was intentional or at minimum reckless.

130.   Defendant, through its agent or supervisor, engaged in extreme and outrageous conduct including but not limited to, subjecting her to unwelcome sexual harassment, such as, requests for sexual favors, sexual advances, and physical sexual harassment.

131.   Defendant's extreme and outrageous conduct caused Plaintiff to suffer emotional distress.

132.   Plaintiff's emotional distress was severe.

## COUNT XII: NEGLIGENT RETENTION/NEGLIGENT SUPERVISION

133.   Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-54 above.

134.   Defendant has a duty to ensure the safety of its employees and provide a work environment free from sexual harassment and retaliation.

135.   Defendant was aware or should have been aware of Cook's severe and pervasive sexual harassment of its female employees.

136.   Cook's severe and pervasive sexual harassment of Defendant's female employees indicates he is unfit to work in a supervisory role.

137.   Defendant breached its duty when it failed to take remedial action after learning of Cook's repeated conduct, leaving its female employees exposed to Cook and the possibility of continued sexual harassment or retaliation.

138.   Defendant's breach caused Plaintiff damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a)   Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b)   Granting Plaintiff costs and an award of reasonable attorneys' fees (including expert witness fees); and

c)   Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Zane A. Herman**
Zane A. Herman
Florida Bar No.: 120106
Spielberger Law Group

4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
zane.herman@spielbergerlawgroup.com

*Counsel for Plaintiff*